HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CAPE CAUTION, INC.,

        Plaintiff,

v.

PORT OF GRAYS HARBOR, and
WESTPORT MARINA,

        Defendants.

Case No. C09-5041RBL

ORDER DENYING MOTION FOR SUMMARY JUDGMENT

THIS MATTER comes before the Court on Plaintiff's Motion for Summary Judgment [Dkt. #11]. The Court has reviewed the materials submitted for and against said motion. Oral argument is not necessary for the Court to resolve the issue presented by this motion. In this motion, plaintiff seeks to apply a contractual remedy of indemnity to foreclose the application of plaintiff's own alleged negligence in this case. The motion presents a question of law well-suited to early judicial resolution. For the following reasons, the Court denies plaintiff's motion in favor of application of comparative negligence principles at trial.

**A.    Relevant Facts.**

On February 4, 2006, the F/V CAPE CAUTION partially broke from its moorings during a wind

storm and struck the F/V GALLOWS POINT. The two vessels shared a slip at defendant's marina. The F/V CAPE CAUTION was tied to Finger G on Float 14. The F/V GALLOWS POINT was tied to a finger pier adjacent to Finger G. At the time of the incident plaintiff was paying defendant $1,860 per year for moorage.

The F/V CAPE CAUTION was tied to the dock with three breasting lines: (1) a forward-most line at the bow; (2) a line at admidships; and (3) an after-most line at the stern. At some point during the wind storm, the cleat to which the amidships line was tied pulled completely out of the dock waler. A bolt used to secure the cleat to the dock failed.

The F/V CAPE CAUTION's stern line parted at the apex of the line. The vessel's bow remained secured to the dock during the storm. Without the stern line and amidships line securing the vessel, the F/V CAPE CAUTION pivoted in the wind causing its stern to come into contact with the F/V GALLOWS POINT. After the incident, Charles Piecuch, the President and Sole Shareholder of Cape Caution, Inc., observed the cleat to which the stern line was attached was heavily corroded. The underside of the cleat had formed razor sharp edges as a result of the corrosion. The stern line was in good condition at the time the F/V CAPE CAUTION was tied to the dock prior to the incident. Upon inspection of the line after the incident, it was apparent that the line was severed by the sharp edges of the heavily corroded cleat.

**B.     Prior Litigation.**

Cape Caution, Inc., owner of the F/V CAPE CAUTION, was previously sued in this Court by the owner and underwriters of the F/V GALLOWS POINT ("GP Interests") seeking damages for vessel repairs and lost fishing income.

The parties agreed to settle the above-referenced lawsuit after conducting a Rule 39.1 mediation. Cape Caution, Inc. agreed to pay $85,000 to settle all GP Interests' claims arising out of the collision in exchange for GP Interests' agreement to dismiss the lawsuit with prejudice. Cape Caution, Inc. incurred $25,261.25 in attorney's fees, and $1,637.40 in costs in defending the underlying lawsuit. Plaintiff now seeks indemnity for the damages paid as well as the fees and costs incurred in the prior litigation.

## C. Summary Judgment Standard.

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact which would preclude summary judgment as a matter of law. Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to present, by affidavits, depositions, answers to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient." *Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995). Factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In other words, "summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable [fact finder] could return a [decision] in its favor." *Triton Energy*, 68 F.3d at 1220.

## D. Decision.

Plaintiff's motion seeks to extend a contractual indemnity theory first enunciated in *Ryan Stevedoring v. Pan-Atlantic Steamship*, 350 U.S. 124, 76 S. Ct. 232 (1956) in order to eliminate responsibility for its own possible negligence in causing the collision which is the subject of this dispute. In *Ryan*, the Court created an implied warranty of workmanlike performance in every contract between a maritime contractor and a shipowner. The objective of the ruling was to provide relief to non-negligent shipowners who were strictly liable to injured seamen or longshoremen for unseaworthiness conditions created by the negligence of third parties. The classic case involved a ship loaded negligently by a stevedoring contractor resulting in a later injury to a worker for which the shipowner was strictly liable to the worker because of the unseaworthy condition of the ship created by the negligent loading. Because the shipowner's liability was strict, not based upon negligence, the shipowner was denied contribution from the negligent stevedoring contractor. To correct the perceived injustice, the Supreme Court in *Ryan* recognized an implied contractual warranty to

stow cargo in a reasonably safe manner. The shipowner was thereby allowed to pass the loss on to the party whose negligence caused the loss in the first place.

In *Knight v. Alaska Trawl Fisheries*, 154 F.3d 1042 (1998), the 9th Circuit Court of Appeals held that a negligent shipowner is not entitled to *Ryan* indemnity from a negligent contractor when the shipowner is found liable under both negligence and unseaworthiness theories. Within this Circuit, application of *Ryan* indemnity has not been extended beyond personal injury claims. This Court will not extend the doctrine beyond its current boundary.

In this property damage case, plaintiff asserts claims for negligence and for breach of contract. At Admiralty, cases such as this, involving competing claims by a vessel owner and a dock owner are typically adjudicated through use of comparative negligence principles. *See Gator Marine Service Towing v. J. Ray McDermott & Co.*, 651 F.2d 1096 (1981), *Bosner, S.A. de C.V. v. Tug L.A. Barrios*, 796 F.2d 776 (1986).

Given the facts of this case, the Court is doubtful that the application of comparative negligence principles will inure to the ultimate benefit of defendant. Nevertheless, the Court is satisfied that comparative negligence principles apply to the question of liability here. *Ryan* indemnity will not be extended to the facts of this case. Because factual issues remain concerning the role of plaintiff's negligence in causing the subject collision, Plaintiff's Motion for Summary Judgment [Dkt. #11] is hereby **DENIED**.

Dated this 5th day of January, 2010.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE